## CUSHMAN & DENISON MFG. CO. v. GRAMMES et al.

### (District Court, E. D. Pennsylvania. June 2, 1916.)

### No. 1081.

EQUITY ☞416—OPENING CONSENT DECREE.

A decree entered by stipulation of parties should not be disturbed except on a clear showing of a meritorious defense the denial of which would work plain injustice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 945; Dec. Dig. ☞416.]

In Equity. Suit by the Cushman & Denison Manufacturing Company against Harry A. Grammes and others, doing business as L. F. Grammes & Sons. On exceptions to interlocutory report of master. Exceptions overruled, and report confirmed.

See, also, 225 Fed. 883, 234 Fed. 949.

Oswald M. Milligan, of Philadelphia, Pa., and George W. Tucker, Jr., of New York City, for plaintiff.

George K. Helbert and Fenton & Blount, both of Philadelphia, Pa., for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DICKINSON, District Judge. The parties to this controversy seem to be in accord only in the thought that this litigation should be brought to an end. A perusal of the record impresses one with the same thought. The opinion of Judge McPherson, accompanying the order of July 3, 1914, gives the then state of the record. By that order the status of the case, presenting a decree against the defendants as prayed for and a reference to a master to state an account, was left undisturbed, except in the respect that the master was directed to take and report any evidence and testimony submitted in support or denial of defendants' petition to modify the decree which had been made. If the petition were denied, there was in the case two findings: One, that the defendants had been guilty of unfair trade competition; the other, that they had infringed plaintiff's trade-mark. If the petition were granted, there would be only a finding of unfair trade. The master submitted a report upon another phase of the case but which, to some extent, involved this. By the order made, following the opinion in (D. C.) 225 Fed. 883, the master was directed in his discretion to pass upon all the matters before him in a final report, or to pass upon this phase in an interlocutory report, unless the parties should, by stipulation, eliminate this feature from the case. This the parties have not done, and the master has made his report confined to the matters referred to him by Judge McPherson.

This brings us to the question of whether the decree as made should be modified. Certain facts which are already matters of record may be here recapitulated: (1) The decree asked to be modified was based upon the admissions of the defendants and the stipulation that it be entered. This was January 22, 1914. (2) On March 10, 1914, the defendants asked leave to move to vacate the decree. This leave was refused. (3) On March 19, 1914, a petition was presented, asking that the decree made be opened, etc. This was denied. (4) On June 22, 1914, the pending petition was presented, asking that the decree be modified. This was referred by the order of July 3, 1914, to the master upon which he now reports. On August 16, 1915, the master was directed to comply with the order of July 3, 1914, as above stated. By this report it appears that a hearing was had upon the order at which the defendants offered evidence in support of the petition. The plaintiff, deeming all which had been offered insufficient to induce the court to modify the decree already made, raised the question of its sufficiency by a motion to strike out. This motion in the opinion of the master was well based, but, in compliance with the order of July 3, 1914, he reports the facts found, together with his opinion that the petition to modify the original decree should be dismissed. The defendants except to the report, advancing three propositions: (1) The order of July 3, 1914, was made without authority and was a nullity and the report thereon a like nullity. (2) The petition itself, coupled with the answer thereto, established all the facts beyond the necessity of any inquiry thereinto and rendered such inquiry superfluous. (3) A perusal of the evidence submitted by the defendants will satisfy the court that the decree as made should be modified.

The order of July 3, 1914, by Judge McPherson, having been made,

it would be futile, if not indeed out of place, to discuss the authority to make it. Whether the equity powers of the court can be delegated, or whether the report before us is to be deemed that of a master under rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv) or of an examiner, or whether the testimony and evidence returned is to be viewed as a deposition taken in support of the averments of the petition, we are brought to the practical question of whether the decree as made in the case should be modified. The present form of the petition is based upon the distinction between the previous petitions and this, in that a motion to vacate or to open cannot be made the basis of an appeal, but a motion to dissolve an injunction (which this is claimed to be) is open to appellate process. However this may be, the analogue which counsel for defendants adopts of a motion for a new trial, based upon an averment of the existence of after-discovered evidence, is a fair one, so far as it goes. Even in such cases there are few in which the worsted litigant does not think he could bring about a different result if granted a new trial. A fairer analogue, however, is an application to open a judgment which has been entered on a verdict. It is apparent this decree should not be disturbed except upon a clear showing of a meritorious defense, the denial of which would work plain injustice. The strength of the appeal made lies in this: The plaintiff averred and the decree proceeds upon the found fact that plaintiff had a trade-mark right in the sale of these clips in the form sold. It appears now that this averment may be without foundation, and that plaintiff had no such right, and, when this decree was entered, knew it had none. It could therefore succeed in this branch of the litigation only by the possibility that the true facts would not appear. This attitude comes dangerously near, if it does not reach, a suppression of the truth. If the decree had been entered upon findings secured from the court through such suppression, the decree should be recalled, and the view taken by the master would clearly seem to be too narrow and technical. The tactics employed by the plaintiff throughout this inquiry would confirm the soundness of such a conclusion. They have been wholly obstructive and confined to an apparent effort to prevent the defendants from developing the facts. The real situation, however, is not quite that thus outlined. The analogue suggested by the facts is that of a confessed judgment. The phrase employed by the former counsel for defendants more accurately expresses the proper comment on what was done. The failure of plaintiff to disclose the subsequent proceedings affecting the trademark registration and the New York litigation counsel characterized as displaying a lack of frankness toward him. The motion on which the reference to the master was based could more satisfactorily be disposed of if the plaintiff had met the accusations made instead of attempting to smother defendants' efforts to present the facts on which they are based, and then taking refuge in the position that the decree made had not been conclusively shown to involve an injustice. As already more than once observed, it is high time this litigation was brought to a close. The present conditions present a situation not free from difficulties in disposing of it, and by no means free from

grave doubts whether the injunction feature of the agreed decree should be permitted to stand. It, of course, does not follow that, because the plaintiff failed to succeed in his litigation against one defendant, it ought not to recover against another. It charged in the one unfair trade, and failed to prove it. It made the same charge in the other, and it was not only admitted, but the decree based upon the admission still stands unchallenged in this respect. For this infraction of its rights, plaintiff is entitled to redress. No award of damages or profits can be made because of the trade-mark feature, which is claimed to be open to dispute. The only practical value defendants' complaint has is as to the use of the word "Gem." This is in practical effect to some extent involved in the relief to which plaintiff is confessedly entitled that defendants shall no longer palm off. their make of clips as the one made by plaintiff. Had the case gone to trial, plaintiff would have been entitled to a decree. Defendants may have conceded too much to the plaintiff. What they did, however, was their own voluntary act. The reluctance which Judge McPherson expressed to interfere with an agreed decree is a natural one. We confess to a like reluctance to accept the view taken .by the master because of grave misgivings of whether injustice has not been done the defendants. On a review of the whole situation, however, we incline to the position that the decree as made should stand. The exceptions are dismissed, and the report of the master confirmed, the disposition of costs, however, to await final decree.